Honorable Charles M. Cobb Titus County District Attorney Courthouse Mt. Pleasant, Texas 75455
Re: Selection of a hospital district depository.
Dear Mr. Cobb:
You have requested our opinion concerning the deposit of funds for the Titus County Hospital District. You first inquire as to the selection of the depository to be used by the district. The district was created by the 58th Legislature. Acts 1963, 58th Leg., ch. 298, at 771. Section 11 thereof provides:
 Sec. 11. Within thirty (30) days after the appointment of the Board of Hospital Managers of the District and each two (2) years thereafter the said Board shall select a depository for such District which shall be one or the same depository theretofore selected by the County, such depository shall secure all funds of the District in the manner now provided for the security of county funds.
(Emphasis added). This provision limits the district's choice to the institution or institutions designated as the county's depository.
You next ask whether money deposited to the Interest and Sinking Fund Account for the payment of bonds may be invested to draw interest from the time it is placed in the fund until needed for making interest payments or principal payments on outstanding bonds. Section 3 of the 1963 act creating the hospital district provides that:
 The Commissioners Court of the County shall have the power and authority, and it shall be its duty, to levy . . . a tax . . . for the purpose of (1) paying the interest on and creating a sinking fund for bonds which may have been assumed or which may be issued by the Hospital District. . . .
Id. at 772. Section 4 provides similarly that a tax be levied to create a fund sufficient to pay the interest and principal on the bonds as they mature. Appropriate investment of money held in an Interest and Sinking Fund is permissible so long as sufficient sums are available to meet promptly any principal and interest requirements of outstanding obligations. See Elser v. City of Forth Worth, 27 S.W. 739 (Tex.Civ.App.-1894, writ ref'd); Bexar County Hospital District v. Crosby, 327 S.W.2d 445, 448 (Tex. 1959) (interest from investment must be applied to sinking fund itself). We note that the district funds are secured by the depository in the same manner as are county funds. See generally Attorney General Opinions H-1254 (1978) (consolidation of funds);H-1174 (1978) (proper use of bonds proceeds); C-537 (1965) (interest earned on bond proceeds placed in sinking fund); WW-1083 (1961); V-1182 (1951); Letter Advisory No. 147 (1977) (investment of county sinking funds); art. 836, V.T.C.S. Cf. art. 779, V.T.C.S.
The Interest and Sinking Fund account should be deposited in the depository selected under section 11 which is explicitly made the depository for all district funds.
 SUMMARY
The Titus County Hospital District may select its depository from among those used by Titus County. The Interest and Sinking Fund should be deposited in the depository and may be invested to draw interest.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by David B. Brooks Assistant Attorney General